**CHRISTIAN MUTUAL LIFE INSURANCE COMPANY, n/k/a Investors Consolidated Life Insurance Company, Plaintiff,**

v.

**PENN MUTUAL LIFE INSURANCE COMPANY, Morgan, Lewis & Bockius LLP, David L. Harbaugh, and Milliman & Robertson, Inc., Defendants.**

**No. 01 CIV. 1286(JSR).**

United States District Court, S.D. New York.

Sept. 19, 2001.

261

Daniel Hargraves, Hargraves McConnell & Costigan, P.C., New York City, Ira B. Silverstein, Silverstein & Bellin, L.L.C., Philadelphia, PA, Edwin A. McCabe, Sara Fleschner, McCabe Group, Boston, MA, for plaintiff.

David E Jacoby, Phillips Nizer Benjamin Krim & Ballon LLP, New York City, for Penn Mutual, defendant.

Richard A. Mescon, Morgan, Lewis & Bockius, LLP, New York City, for Morgan, Lewis & Bockius LLP, David Harbaugh, defendants.

Thomas G. Rafferty, Cravath, Swaine & Moore, New York City, for Milliman & Robertson, defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

The legal positions here espoused by plaintiff Christian Mutual Life Insurance Company ("Christian Mutual") are a model of inconsistency. Back in August, 1999, Christian Mutual signed a written agreement (the "Agreement") to reinsure Penn Mutual Life Insurance Company ("Penn Mutual") against certain risks. Section 12.1 of the Agreement provided that "Any dispute or difference between the parties with respect to this Agreement on which an amicable understanding cannot be reached shall be decided by final and binding arbitration." When, therefore, a dispute arose in early 2000 as to whether the Agreement had been fraudulently induced

or was otherwise defective, *see* Letter from David W. Harris to Steve Herzberg, dated Feb. 29, 2000, attached as Ex. B to the Complaint ("Compl."), at 1, the parties, in accordance with their agreement to arbitrate, convened a three-person arbitration panel.

No sooner was the arbitration panel operational, however, than Christian Mutual, on February 15, 2001, filed the instant federal action, alleging that its aforementioned claim of fraudulent inducement, as well as related claims of breach of fiduciary duty and negligence on the part of Penn Mutual and various lawyers and actuaries involved in the formation of the Agreement, were not arbitrable under the terms of the Agreement. *See* Compl. ¶ 60.

On the same day, February 15, 2001, Christian Mutual also submitted a letter motion to the arbitration panel asking the panel to similarly find that its claim of fraudulent inducement was outside the scope of the arbitration agreement. *See* Letter from Edwin McCabe, dated Feb. 15, 2001, attached as Ex. I to Joint Reply Mem. of Law in Support of Defs.' Mots. to Stay Proceedings Pending Arbitration and In Opp'n to Pl.'s Cross–Mot. to Stay Arbitration ("Joint Reply"). Five days later, appearing in a meeting with the arbitration panel, Christian Mutual flatly represented that it would abide by any decision of the panel on that issue and that "there [would] be no attempt to go to court and say [the panel] is wrong," *see* transcript of Feb. 20, 2001, at 75, 82–83, attached as Ex. J to the Joint Reply. On May 10, 2001, the arbitration panel issued an Interim Ruling, holding that it had authority to decide Christian Mutual's claim of fraudulent inducement.

Without the slightest blush, Christian Mutual then returned to this Court, not only opposing a motion by Penn Mutual to stay this action in favor of the pending arbitration but also bringing a cross-motion to stay the arbitration and allow this action to continue.

Christian Mutual sought to justify these inconsistencies by purporting to raise in this Court a contention not placed before the arbitration panel, to wit, the argument that Penn Mutual, by allegedly failing to fulfill its obligation under Section 4.5 of the Agreement to calculate and certify in writing the amount of certain statutory reserves, thereby failed to fulfill a "condition precedent" to the formation of the Agreement, thus voiding every aspect of the Agreement including the arbitration clause. This argument is unavailing, however, for two, independently-sufficient reasons.

■ First and foremost, an alleged failure to fulfill an expressly-stated provision of the Agreement, whether characterized as a "condition precedent" or otherwise, is itself a "dispute or difference between the parties with respect to this Agreement," and therefore entirely within the scope of what the parties expressly agreed to arbitrate. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Nuclear Elec. Ins. Ltd. v. Central Power and Light Co.*, 926 F.Supp. 428, 435 (S.D.N.Y. 1996).[1] This is especially true where, as here, it is undisputed that Penn Mutual in fact submitted to Christian Mutual a document purporting to comply with Section 4.5 (*see* Preliminary Statement of Christian Mutual Life Insurance Co. and ACE Bermuda Ltd. at 10 n. 8, attached as Ex. D to Mem. of Law in Support of Penn Mutu-

---

**1.** *El Hoss Eng'g & Transport Co. v. American Indep. Oil Co.*, 289 F.2d 346, 349–50 (2d Cir.1961), on which Christian Mutual relies, was decided before the Supreme Court's clarifications in *Prima Paint*.

al's Motion to Stay Action Pending Arbitration), so that the real dispute is whether this was adequate compliance.

■ Second, even if the Court were to reach the merits, "a contractual duty is not to be construed as a condition precedent unless the language of the contract clearly imposes such a condition," *Kidder Peabody & Co. v. Unigestion Int'l, Ltd.*, 903 F.Supp. 479, 501 (S.D.N.Y.1995). Here, the Agreement expressly recites, in Articles VI and VII, what conditions constitute the "Conditions Precedent" to the Agreement, and the calculation and certification required by Section 4.5 are not among them. It follows that a breach of Section 4.5 is not a failure to fulfill a condition precedent.

■ Accordingly, Christian Mutual's instant claims against Penn Mutual must be stayed pending arbitration. Moreover, Christian Mutual's claims against the other three defendants—Morgan, Lewis & Bockius, David L. Harbaugh, and Milliman & Robertson, Inc.—must also be stayed, since Christian Mutual's claims against these defendants stem wholly from their actions as agents or purported agents of Penn Mutual in negotiating the Agreement here in issue. When a dispute between two contractual parties is the subject of required arbitration, related claims against a party's agents are also arbitrable, *see, e.g., Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 668 (2d Cir. 1997).

Accordingly, the defendants' joint motion for a stay of this case is hereby granted, and the plaintiff's cross-motion for a stay of the arbitration proceeding is hereby denied. The Clerk of the Court is directed to place this case on the Court's Suspense Calendar until further notice, and the parties are directed to keep the Court apprised, by letters submitted every six months beginning March 1, 2002, of the status of the arbitration.

SO ORDERED.